UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| OXFORD AVIATION, INC., | ) | |
| | ) | |
| PLAINTIFF | ) | |
| v. | ) | No. 2:08-cv-419-DBH |
| | ) | |
| CONSTELLATION BRANDS, INC., | ) | |
| ET AL., | ) | |
| | ) | |
| DEFENDANTS | ) | |

| | | |
|---|---|---|
| CONSTELLATION LEASING, LLC, | ) | |
| | ) | |
| PLAINTIFF | ) | |
| v. | ) | No. 2:11-cv-159-DBH |
| | ) | |
| OXFORD AVIATION, INC., | ) | |
| | ) | |
| DEFENDANT | ) | |

| | | |
|---|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA *a/s/o* *Constellation Leasing, LLC,* | ) ) ) ) ) | |
| PLAINTIFF | ) | |
| v. | ) | No. 2:11-cv-297-DBH |
| | ) | |
| OXFORD AVIATION, INC., | ) | |
| | ) | |
| DEFENDANT | ) | |

**ORDER ON MOTION TO CONSOLIDATE**

The motion to consolidate is **GRANTED**.

There is no opposition to consolidation of suit Nos. 2:08-cv-419 and 2:11-cv-159.

The Constellation parties and National Union Fire Insurance Company object to consolidating 2:11-cv-297.

Fed. R. Civ. P. 42(a) governs: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."

Oxford Aviation entered into a contract with the Constellation parties to renovate a Constellation aircraft. Damage occurred when the interior cabin was being removed on June 28, 2008, in Rochester, NY.[1] Damage occurred again in September 2008, when the interior cabin was being replaced in the aircraft in the same city.[2]

The first two lawsuits, where consolidation is unchallenged, involve Constellation's claim for damages for the second incident. The third lawsuit, where consolidation is challenged, is Constellation's insurer's subrogation claim against Oxford for the first incident. In the first two lawsuits, discovery is complete, and it is time for dispositive motion practice. In the third lawsuit, only recently transferred to this District, discovery will be complete on February 2, 2012.[3] In all lawsuits, claims against Oxford involve breach of contract, breach of warranty, and negligence.

---

[1] Specifically, the aircraft's center of gravity shifted when the cabin was removed, and as a result, the aircraft fell on its tail.
[2] Specifically, screw and rivet holes, which were drilled in order to install a table, punctured the cabin's pressure vessel.
[3] Oxford has filed an objection to the case's current scheduling order and asked for the order to be stayed pending a ruling on this consolidation motion. The insurance company's response to Oxford's objection is not yet due.

---

The objection to consolidation is largely based on: (1) the difference in parties (the subrogated insurer, not Constellation, is the plaintiff in the third lawsuit); (2) the difference in the facts of the two occurrences; (3) the difference in the progress of the litigation (*i.e.,* the first two suits are ready for summary judgment practice, and the third still has discovery underway); and (4) the fact that the subrogation action is a bench trial while the other two are jury trials.[4]

The factors in favor of consolidation are: (1) the same repair contract, which I understand to be an oral contract, is involved; (2) some of the witnesses will be the same, particularly those concerning the contract formation and its terms; (3) at least one party in each case claims damages based upon the decreased value of the same aircraft; and (4) collateral estoppel may have an effect on the lawsuits.

I conclude that, in this instance, judicial economy calls for consolidation of all three cases and any resulting prejudice is minimal. At trial, I will be listening to some of the same witnesses, particularly those involved in negotiating the contract. If I do not consolidate, my view of their credibility at the bench trial may be affected by what I have already heard and observed in the jury trial; conclusions about the oral contract and any representations might also affect me. It will be more orderly to hear the witnesses in a single trial; the jury can be excused when the witnesses testify about matters that the jury will not determine. Yes, there may be some delay in determining responsibility for the second incident. However, that will depend in part on the

---

[4] Oxford has filed a jury demand in the subrogation action. The insurance company's response to that demand is not yet due.

scheduling of summary judgment practice for the first two lawsuits, a matter to be discussed at the pre-filing conference next week. In any event, the delay is justified given the significance of the claimed damages and the fact that both incidents occurred under the same contract.

**SO ORDERED.**

**DATED THIS 30TH DAY OF SEPTEMBER, 2011**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**