UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| OXFORD AVIATION, INC., )<br>)<br>PLAINTIFF )<br>)<br>v. )<br>)<br>CONSTELLATION BRANDS, INC., )<br>ET AL., )<br>)<br>DEFENDANTS ) | No. 2:08-cv-419-DBH<br>CONSOLIDATED WITH<br>NO. 2:11-cv-159-DBH AND<br>NO. 2:11-cv-297-DBH |

**DECISION AND ORDER ON PENDING MOTIONS**

After oral argument on January 25, 2012, I now rule on the three pending motions as follows:

1. <u>Oxford Aviation, Inc.'s Motion to Exclude Expert Opinions and Testimony</u> (Docket Item 65). Oxford's motion to exclude the testimony of Constellation's damages expert, Quentin Brasie, chairman and chief executive of ACI Aviation Consulting, on <u>Daubert</u>[1] grounds is **DENIED**. Brasie is scheduled to testify that improper installation of an aft table caused the aircraft to diminish in value. I conclude that his credentials are adequate, that he need not be a certified appraiser, that he can use other people in his company to gather information, and that his methodology does not require exclusion. As is often said, appraisal is more an art than a science. <u>In re Valuation of Common Stock of Libby, McNeill & Libby</u>, 406 A.2d 54, 60 (Me.

---

[1] <u>Daubert v. Merrell Dow Pharms.</u>, 509 U.S. 579 (1993).

1979).  Brasie has testified or sworn to his past appraisal experience (and that of his company) and that he examined many sources relevant to market value, including the asking prices of comparable aircraft.  (He also stated that the actual sales prices of aircraft are seldom available.)  Although he cites no specific sources for the amount of the adjustment that he attributes here to the faulty installation, there is no suggestion that there are specific sources or formulae for such a calculation (such as sales of comparable aircraft similarly "injured").  Oxford's expert, Aviation Management Systems, Inc., says that "[i]t is important to note that when it comes to quantifying a diminution in value this process can be greatly influenced by market dynamics as opposed to any perceived concerns for the physical alterations to the aircraft as a result of a damage incident."  Constellation's Mem. of Law in Opp'n to Oxford Aviation, Inc.'s Mot. to Exclude, Brasie Aff., Ex. E at 17 (Docket Item 82-7).  Brasie has examined the market dynamics.  Brasie Aff. ¶ 46 (Docket Item 82-2).  In the context of appraisal for this aircraft, I conclude that Brasie can testify from his experience in owning and editing *The Airliner Price Guide* and in doing appraisals for banks, leasing companies, aircraft owners, and the Federal Aviation Administration (FAA).  Brasie Aff., Ex A at 2 (Docket Item 82-3).  Oxford's expert can testify that there was no diminution in value, and Brasie can testify that there was.  The jury can determine whose reasoning is more persuasive and, if there is a diminution, its amount.

    2.    <u>Oxford Aviation, Inc.'s Motion for Partial Summary Judgment</u> (Docket Item 94).  Oxford's motion for summary judgment on damages

concerning the installation of the aft table is **DENIED**.  I have ruled that Quentin Brasie can testify.  Both Maine and New York law allow the recovery of both costs of repair and diminution in value ("stigma") in appropriate cases.  Marchesseault v. Jackson, 611 A.2d 95 (Me. 1992); Aquila, LLC v. City of Bangor, 640 F. Supp. 2d 92 (D.Me. 2009); Italian Econ. Corp. v. Cmty. Eng'rs, Inc., 514 N.Y.S. 2d 630 (N.Y. 1987); Nashua Corp. v. Norton Co., 1997 U.S. Dist. LEXIS 5173 (N.D.N.Y. Apr. 15, 1997).  The jury can determine whether the value of this aircraft is, in fact, impaired even after the later repairs by Standard Aero, an aircraft repair and maintenance facility.

  3. Constellation's Motion for Partial Summary Judgment (Docket Item 93).  Constellation's motion for summary judgment that Oxford is liable for the installation of the aft table is **DENIED**.  On the contractual claim, the summary judgment record does not permit me to determine all of the contract's material terms, particularly the significance of Constellation's Bricker's on-site statements and actions.  On the negligence claim, although the alleged violation of the FAA Designated Engineering Representative Report's procedures may be evidence of negligence, Elliott v. S.D. Warren Co., 134 F.3d 1 (1st Cir. Me. 1998), I conclude that it is not per se negligence.  Even if New York law applies to the negligence claim, the case of Sommer v. Federal Signal Corp. is not sufficient authority for concluding otherwise.  79 N.Y.2d 540 (N.Y. 1992).  (I also observe that that the jury will need to hear most of the evidence regardless, because there is a dispute over how many holes Wardwell drilled, how many were already present, etc.)

3

4. I alert the parties that the choice of law question may deserve more attention in their trial briefs and jury instructions.

**SO ORDERED.**

**DATED THIS 31ST DAY OF JANUARY, 2012**

/s/D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**