UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| OXFORD AVIATION, INC., | ) | |
| | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| v. | ) | No. 2:08-cv-419-DBH |
| | ) | |
| CONSTELLATION BRANDS, INC., et al., | ) | |
| | ) | |
|     *Defendants* | ) | |

| | | |
|---|---|---|
| CONSTELLATION LEASING, LLC, | ) | |
| | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| v. | ) | No. 2:11-cv-159-DBH |
| | ) | |
| OXFORD AVIATION, INC., | ) | |
| | ) | |
|     *Defendant* | ) | |

*MEMORANDUM DECISION ON MOTION TO COMPEL TRIAL TESTIMONY*

Oxford Aviation, Inc., the plaintiff in one of these consolidated actions and the defendant in the other, moves to compel the presence at trial of the chief executive officer and president of Constellation Brands, Inc., and director and vice president of Constellation Leasing, LLC, Robert Sands. Oxford Aviation's Motion to Compel Trial Testimony ("Motion") (ECF No. 141) at 1-2. Sands lives and works in Rochester, New York, Constellation Brands, Inc.'s and Constellation Leasing, LLC's Memorandum of Law in Opposition to Oxford Aviation, Inc.'s Motion to Compel ("Opposition") (ECF No. 146) at 2, which is more than 100 miles from Portland, Maine, where the trial in these matters will be held.

1

The motion invokes Federal Rule of Civil Procedure 45, which provides, in relevant part:

> On timely motion, the issuing court must quash or modify a subpoena that:
>
> * * *
>
> (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person[.]
>
> * * *
>
> To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
>
> * * *
>
> (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

Fed. R. Civ. P. 45(c)(3)(A) & (B).

Sands is an officer of both corporate parties in these consolidated cases, one of which is the plaintiff in the later-filed case. Oxford has apparently not served a trial subpoena on Sands, but instead asks the court to order him to appear. The Constellation parties do not contend that this procedural choice bars the relief sought. *See generally Creative Science Sys., Inc. v. Forex Capital Markets, LLC*, No. C 04-3746 JF (RS), 2006 WL 3826730, at *1-*2 (N.D. Cal. Dec. 27, 2006); *In re: Vioxx Prods. Liability Litig.*, 438 F.Supp.2d 664, 664-65 (E.D. La. 2006).

Rather, the Constellation parties point to the fact that Oxford took Sands' deposition, which could be used at trial, and argue that other, available witnesses have more direct knowledge of the facts at issue in these proceedings than does Sands. Opposition at 2-4. They first contend that Sands "is beyond the subpoena power of the Court to compel him to appear personally to testify at trial in Maine[.]" *Id*. at 5.

The Constellation parties cite case law, from a minority of courts that have written published decisions on the issue, holding that the territorial limitation of Rule 45 applies equally to officers of parties to the litigation, despite the fact that this interpretation renders the rule's references to officers of parties meaningless surplusage. *E.g., Armenian Assembly of Am. v.*

*Cafesjian*, 746 F.Supp.2d 55, 61 (D.D.C. 2010); *Johnson v. Land O'Lakes, Inc.*, 181 F.R.D. 388, 397 (N.D. Ia. 1998).

The majority interpretation of Rule 45's references to corporate officers is much more persuasive. *See, e.g., Aristocrat Leisure Ltd. v. Deutsche Bank Trust Company Americas*, 262 F.R.D. 293, 302 (S.D.N.Y. 2009); *Ferrell v. IBP, Inc.*, No. C98-4047-MJM, 2000 WL 34032907, at *1 (N.D. Ia. Apr. 28, 2000) (rejecting *Land O'Lakes*). A corporate officer may be compelled to testify in the federal court in which that corporation is pursuing or defending a lawsuit.

It is notable as well that Sands was "produced" for his deposition only upon the understanding that the deposition would be limited to two hours, Declaration of Kevin T. Saunders in Opposition to Oxford Aviation, Inc.'s Motion to Compel (ECF No. 147) ¶ 3, a fact that weakens the contention of the Constellation parties that the transcript of that deposition is a sufficient substitute for any in-person testimony by Sands. In addition, the Constellation parties proffer no evidence to support their necessarily-implied assertion, Opposition at 2, that Sands is so crucial to the operations of those entities that he cannot be absent for a day or two without "disrupt[ing] the[ir] business operations."

The conclusion that Sands is required to testify at trial makes it unnecessary to consider the plaintiff's alternative request that it be allowed to conduct a videotaped trial deposition. Motion at 3 n.1. The court expects that counsel for the plaintiff will make reasonable attempts to schedule Sands' trial testimony in a manner that will minimize the time that he will have to spend away from his business.

The motion to compel is **GRANTED**.

Dated this 30th day of November, 2012.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge